**CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED**

May 04, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| LES CHRISTOPHER BURNS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00370 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HALEY LOWMAN, | ) | By: C. Kailani Memmer |
| Defendant. | ) | United States Magistrate Judge |

Les Christopher Burns, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Burns alleges that Haley Lowman, N.P., retaliated against him for filing a grievance and caused him to miss prescribed medications when he was detained at the Roanoke City Adult Detention Center (RCADC).[1] The parties have consented to the undersigned magistrate judge exercising jurisdiction over this matter. *See* ECF No. 20.

Before the court is Lowman's motion to dismiss Burns' complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 14. This motion will be granted.

## I. Background

Lowman is named as the sole defendant in this case. In response to the query on the standard form complaint, Burns states that he filed a grievance regarding the facts of this complaint, and as a result, he was "moved from medical monitoring unit to medical isolating cell as reprisal—no resolution was made." Compl. 2. Then, under the description of his claim, Burns alleges that "after filing grievance for negligence regarding newly sustained injury, missing narcotic medication, and denial of prescribed medications and diet, I was moved from monitoring to isolation as reprisal." *Id.*

---

[1] After being at RCADC, Burns was later moved to the Lynchburg Adult Detention Center, ECF No. 4, and then the Western Virginia Regional Jail, ECF No. 22.

Burns requests "compensatory relief for damages incurred and punitive relief befitting the severity and potential liabilities related to the accused actions." *Id.* at 3.

The court construes the complaint as alleging (1) a First Amendment retaliation claim based on being placed in medical isolation for filing a grievance, and (2) an Eighth Amendment or Fourteenth Amendment[2] claim based on that alleged punishment.

## II. Analysis

### A. Rule 12(b)(6) Standard

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S.

---

[2] It is unclear from the allegations in the complaint whether Burns was a pretrial detainee or a convicted inmate when detained at RCADC. "The standard that applies to a claim challenging conditions of confinement depends on whether a plaintiff was a convicted inmate or a pretrial detainee at the time of the conditions at issue." *Moss v. Trent*, Case No. 7:23-cv-00116, 2025 WL 84218, at *3 (W.D. Va. Jan. 13, 2025).

89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, Civil No. JKB-23-223, 2023 WL 3932319, at \*2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

### B. Personal Involvement

For an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). A plaintiff "must plead that each Government-official defendant, through the Official's own individual conduct, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show direct personal involvement by each particular defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2021) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). Further, a viable § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Dismissal is appropriate when defendants are referenced only in the caption of the case. *Williams v. Dotson*, Civil Action No. 7:25-cv-00522, 2026 WL 87652, at \*1 (W.D. Va. Jan. 12, 2026) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").)

Burns does not plausibly allege the personal involvement of Lowman in any alleged constitutional violation. Aside from being named in the complaint, Burns' allegations give no possible notice to Lowman of what she is alleged to have done to give rise to a complaint against

3

her. "General allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Brewington v. Daniel*, C/A No. 8:25-cv-1968-MGL-WSB, 2025 WL 1886364, at *6 (D.S.C. June 10, 2025) (citing *Potter*, 497 F.2d at 1207).

In his response to the motion to dismiss, Burns contends that the complaint "plainly states on its face an accusation of gross medical negligence resulting in irreparable harm while under the care and direct supervision of the defendant, as well as retaliation against the petitioner for filing reports alleging the claim." ECF No. 18. "Being the primary care physician and the sole decision maker regarding the plaintiff's care, responsibility is in the defendants['] hands alone." *Id.* Even if this additional information and supplementation could be considered sufficient to state a claim, it is well-established that a plaintiff may not amend his complaint through briefing in response to a motion to dismiss. *See Rhoads v. Guilford Cnty., N.C.*, 751 F. Supp. 3d 590, 607 n.14 (M.D.N.C. 2024) (noting that it is "axiomatic that a plaintiff may not amend his complaint in his response brief") (citing *Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)). As it stands, the complaint does not adequately state the personal involvement of the only named defendant in this case.

### C. First Amendment

Generously construed, Burns appears to allege a First Amendment claim due to retaliation against him for filing a grievance. Among the elements for such a claim is that the defendant "took some action that adversely affected his First Amendment rights." *Jones v. Solomon*, 90 F.4th Cir. 198, 213 (4th Cir. 2024). For many of the same reasons already stated, Burns has failed to plausibly allege any actions by Lowman that impacted his rights under the First Amendment.

### D. Eighth or Fourteenth Amendment

The Eighth Amendment protects convicted inmates from cruel and unusual punishment and imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). Burns has not plausibly alleged either aspect of an Eighth Amendment claim. For example, aside from a vague reference to "medical isolation," Burns fails to allege any conditions of confinement that would objectively raise his living conditions to the level of punishment in violation of the Eighth Amendment. *See Ford v. Northam*, Civil Action No. 7:22-cv-00122, 2023 WL 2767780, at \*18 (W.D. Va. Mar. 31, 2023) (explaining conditions of confinement such as six months of segregation with no outside recreation, no clean clothes, inadequate food, and cells infested with vermin and smeared with urine and feces did not state an Eighth Amendment claim) (citing *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997)).

A pretrial detainee's claim of deliberate indifference to unsafe or inhumane conditions of confinement is governed by the Due Process Clause of the Fourteenth Amendment. *See Short v. Hartman*, 87 F.4th 593, 603–06 (4th Cir. 2023) (addressing a pretrial detainee's claim of deliberate indifference to serious medical needs). To state such a claim, a pretrial detainee must plead facts sufficient to establish that he was subjected to a condition of confinement that posed a substantial risk of serious harm, that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed," and that "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm." *Id.* at 611; *see also Tolbert v. Haug*, Case No. 7:23-cv-00533, 2024 WL 1719936, at \*3 (W.D. Va. Apr. 22, 2024). Burns has not stated such a claim in his complaint. Burns has not plausibly alleged that

5

Lowman failed to act to address any risk or that Lowman knew or should have known that her action or inaction posed a risk of harm that was unjustifiably high.

## III. Conclusion

For the reasons stated in this opinion, the court will issue an order granting defendant's motion to dismiss.

ENTER: May 4, 2026.

*/s/ C. Kailani Memmer*
United States Magistrate Judge

6